**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIX PALENCIA, AKA Felix Palencia Marroquin,<br><br>              Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>              Respondent. | No. 14-70105<br><br>Agency No. A091-786-082<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:      BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Felix Palencia, a native and citizen of Guatemala, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reconsider the

BIA's order dismissing his appeal from an immigration judge's ("IJ") discretionary

denial of cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252.

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reconsider and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion or violate due process in denying Palencia's motion to reconsider, where the BIA's decision on reconsideration corrected the factual error that Palencia had sought to correct in his motion to reconsider, and the BIA determined that the error did not materially affect the outcome of Palencia's proceedings. *See* 8 U.S.C. § 1229a(c)(6)(C) (a motion to reconsider specifies "errors of law or fact in the previous order"); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice). Specifically, the BIA acknowledged that Palencia's 1998 conviction under California Penal Code § 273.5 had been vacated, that he had been subsequently convicted under California Penal Code § 243(e) for the same offense, and that the prior orders of the BIA and the IJ had misstated the statute under which Palencia was convicted.

To the extent Palencia challenges the BIA's conclusion that the agency's misstatement of the statute under which he was convicted did not affect the balancing of factors in denying cancellation of removal as a matter of discretion, we lack jurisdiction to review that discretionary determination. *See* 8 U.S.C.

§ 1252(a)(2)(B),(D).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**